ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| D-STAR Engineering Corporation | ) ASBCA Nos. 62075, 62780 |
| | ) |
| Under Contract No. FA8650-12-C-7243 | ) |

APPEARANCE FOR THE APPELLANT:  Mr. S. Paul Dev
   President

APPEARANCES FOR THE GOVERNMENT:  Arthur M. Taylor, Esq.
   DCMA Chief Trial Attorney
   Michael T. Patterson, Esq.
   Trial Attorney
   Defense Contract Management Agency
   Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE WITWER ON
THE GOVERNMENT'S MOTION FOR PARTIAL DISMISSAL

The government moves to partially dismiss these appeals for lack of subject matter jurisdiction. Specifically, the government seeks to dismiss appellant's request for a "penalty" on the basis that it constitutes a request for punitive damages. The government also seeks to dismiss multiple requests for compensation on the basis that appellant did not submit these requests to the contracting officer prior to raising them before the Board. For the reasons set forth below, the Board grants the government's motion to dismiss appellant's request for a penalty. The Board defers the remainder of the government's motion until after the presentation of evidence on the merits.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On July 16, 2012, the Department of the Air Force awarded a cost-plus-fixed-fee contract to appellant, D-STAR Engineering Corporation (DSEC) (R4, tab 1 at G-1, G-2). The contract required appellant to build a fuel-to-power generation system for an unmanned air vehicle (R4, tab 1 at G-42). The Defense Contract Management Agency (DCMA) administered the contract (R4, tab 1 at G-1), and represents the government in these appeals.

2. On November 1, 2013, the government terminated the contract for its convenience (R4, tabs 4-5). Between December 2013 and November 2015, appellant submitted several termination settlement proposals (app. supp. R4, tab 3;

R4, tabs 6-8, 10). Appellant's final proposal, dated November 21, 2015, requests a net payment of $442,783.01 (R4, tab 10 at G-80).

3. The parties were unable to reach an agreement regarding the amount, if any, due to appellant. Accordingly, in December 2015, DCMA asked the Defense Contract Audit Agency (DCAA) to perform an audit of appellant's November 2015 proposal (R4, tab 11 at G-84). DCAA released its report in December 2016, questioning $925,624 in claimed costs and settlement expenses (*id.*).[1]

4. In February 2018, the DCMA contracting officer issued a debt determination and demand for repayment letter to appellant (hereinafter "demand letter") (R4, tab 13). In the demand letter, the contracting officer asserted that appellant was indebted to the government in the amount of $482,841 for overpayments (*id.*). Relevant here, the demand letter also provided that a penalty would be imposed if appellant failed to satisfy the debt in full within 90 days. More precisely, the demand letter stated, in pertinent part:

> The debt may be subject to administrative charges in accordance with the requirements of 31 U.S.C. 3717(e) . . . . If payment is not received within 90 days from the date of this letter, the debt will be transferred to the DFAS Columbus Debt Management Office (DMO) for collection. If the debt is not paid in full within 90 days from the due date stated in the demand letter, then in addition to the interest and administrative charges, *a penalty of 6 percent per annum will be assessed on the unpaid principal*.

(R4, tab 13 at G-176) (emphasis added)

5. Approximately one year later, in March 2019, the contracting officer issued a final decision responding to appellant's November 2015 proposal (R4, tab 37). The final decision stated that it rescinded and replaced the February 2018 demand letter (R4, tab 37 at GS-1669). The contracting officer concluded, once again, that appellant was indebted to the government (R4, tab 37 at GS-1667). The amount of indebtedness, however, was reduced to $326,583 (*id.*).

6. In May 2019, appellant appealed the final decision to the Board, which we docketed as ASBCA No. 62075.

---

[1] Per the DCAA report, the net payment requested by appellant ($442,783) less the amount of costs and expenses questioned by DCAA ($925,624) resulted in an overpayment by the government in the amount of $482,841 (R4, tab 11 at GS-90).

7. After reviewing the 131-page complaint filed by appellant, the Board noted that appellant raised a number of issues pertaining to the administration and termination of the contract that did not appear to have been the subject of a claim submitted to the contracting officer. Consequently, the Board ordered the parties to address whether these issues were properly before the Board (Bd. Order dtd. Nov. 1, 2019).

8. In June 2020, appellant informed the Board that it intended to submit a claim to the contracting officer (app. corr. dtd. June 18, 2020).

9. On August 17, 2020, appellant submitted a 141-page claim to DCMA (R4, tab 38), which the contracting officer denied on November 16, 2020 (R4, tab 39). In the final decision, the contracting officer continued to maintain that appellant was indebted to the government in the amount of $326,583 (*id.*).

10. In January 2021, appellant appealed the final decision to the Board, which we docketed as ASBCA No. 62780 and consolidated with ASBCA No. 62075.

11. In February 2021, appellant filed a 60-page complaint in the new appeal. Importantly, the complaint in ASBCA No. 62780, as well as the previous complaint, includes a request that the Board impose a "penalty" on the government for "inappropriate" actions.[2] (ASBCA No. 62075 (62075) compl. at 50-51; ASBCA No. 62780 (62780) compl. at 12, 48-49)

12. In April 2021, DCMA filed the instant motion for partial dismissal. DCMA asserts that the Board should dismiss appellant's request for a penalty because it constitutes a request for punitive damages, which the Board has no authority to award (gov't mot. at 2, 19-21).[3] DCMA also asserts that the Board should dismiss multiple requests for compensation raised in ASBCA No. 62075 because the requests were not submitted to the contracting officer in a claim before being submitted to the Board in appellant's complaint (*id.* at 1-2, 17-19). The government recognizes, however, that "[t]hese additional counts are largely duplicative of counts currently before the Board

---

[2] The amount requested in the two complaints differs (*see* 62075 compl. at 51 (requesting a penalty of $94,645); 62780 compl. at 12 (requesting a penalty of $194,033)). Based on appellant's explanation of how it calculated the amounts, we believe the difference is due merely to the passage of time (*see* R4, tab 38 at GS-1699; 62075 compl. at 51; 62780 compl. at 48).

[3] Although the government focuses almost exclusively on appellant's request for a penalty in ASBCA No. 62780 (*see e.g.*, gov't mot. at 2-3, 19-21), the government also correctly notes that appellant raised the identical request in ASBCA No. 62075 (*id.* at 19 n.3). (*See* 62075 compl. at 50-51; 62780 compl. at 48-49) Thus, the government seeks to strike the penalty request from both appeals (gov't mot. at 19 n.3).

under ASBCA No. 62780, which the Board has consolidated with ASBCA No. 62075" (*id.* at 18 n.2).

13. In May 2021, appellant filed an 82-page response to the government's motion, in which appellant predominantly addresses the merits of these appeals. In the scant portions addressing the jurisdictional issues pending before the Board, appellant seemingly recognizes that the Board lacks the authority to award punitive damages. (*See* app. opp'n at 19) (stating that "DSEC Appeal 62780 recognizes that ASBCA may not be able to award punitive damages against the government").[4] Regarding the additional basis for partial dismissal, appellant appears to argue that, even if it failed to submit a claim prior to filing its complaint in ASBCA No. 62075, any alleged jurisdictional deficiency was cured by the subsequent submission of its August 2020 claim (*see generally* app. opp'n at 2, 21). In this regard, appellant argues that its August 2020 claim incorporated the multiple requests for compensation that the government now seeks to dismiss. (*Id.* at 2) (arguing that the "previous DSEC Complaint 62075 [has] been subsumed into and superseded by the Revised DSEC Claim of 17 Aug. 2020, the [final decision] of 16 Nov. 2020 and DSEC Complaint 62780 of 16 Feb. 2021"); (*id.* at 21) (contending that "the Appeal 62075 has been subsumed and superseded by Appeal 62780"). For this reason, appellant asserts that the Board should focus primarily on ASBCA No. 62780 and deny as moot this aspect of the government's motion (*id.* at 2, 21).

14. In June 2021, the government informed the Board that it did not intend to file a reply in support of its motion for partial dismissal.

## DECISION

DSEC bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Globe Trailer Manufacturing, Inc.*, ASBCA No. 62594, 21-1 BCA ¶ 37,795 at 183,497 (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). For the reasons below, we conclude that appellant

---

[4] In lieu of punitive damages, appellant suggests the possibility of alternative forms of compensation under different legal theories (app. opp'n at 19 (identifying "the alternative of invoking the Fair Compensation Principle to ensure DSEC has been fairly compensated for all costs incurred in good faith as well as for the harm caused DSEC by various inactions and inappropriate actions of the government"); *see id.* at 22 (same); *see also* 62780 compl. at 49 (suggesting that, if the "payment of the claimed penalty is prevented by some FARs, then the ASBCA can increase the fee payable to DSEC, or include the penalty in an overall amount payable to DSEC without breakdown into sub-items")). These alternative requests are not relevant to our resolution of the government's pending motion. Accordingly, we do not address them further herein.

4

has failed to meet its burden with respect to its request for a penalty. We defer ruling on the remainder of the government's motion for partial dismissal.

*Appellant's Request for a Penalty*

In its August 2020 claim, appellant requests a "[p]enalty, at the standard rate of 6% per annum, for [the] Government's unreasonable delays and inappropriate actions that have caused considerable harm to DSEC" (R4, tab 38 at GS-1672). Appellant repeats this request nearly *verbatim* in its two complaints (62075 compl. at 50-51; 62780 compl. at 12, 48-49). Appellant calculates the current amount of the penalty at $194,033 (62780 compl. at 12).

At first glance, the exact nature of the requested penalty is difficult to ascertain. In this regard, appellant's lengthy claim and pleadings are not a model of clarity. When describing the requested penalty, appellant often utilizes shifting and ambiguous language, making it difficult to decipher what the penalty represents. Moreover, the government's motion for partial dismissal provides little help.[5]

The Board is mindful, however, that appellant is appearing without a lawyer, entitling it to certain leniencies afforded to parties proceeding *pro se*. *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021) (acknowledging "the long-held principle that pleadings drafted by *pro se* litigants are generally held to 'less stringent standards' than pleadings filed by trained attorneys" (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972))); *Butt v. United States*, No. 05-1187C, 2007 WL 5161797, at *2 (Fed. Cl. Feb. 12, 2007) ("If the court were to require *pro se* parties to make their arguments as clearly and in the same format as those made by counsel, it would be a simple matter to dismiss virtually every *pro se* case."). For this reason, and to ensure that justice is done, the Board has carefully examined appellant's filings to determine the exact nature of the penalty requested and to discharge our responsibility to extract legal significance from the various theories appellant advances without making appellant's case for it. Having done so, however, we conclude that appellant has failed to meet its burden of establishing the Board's jurisdiction. *John Shaw LLC d/b/a Shaw Building Maint.*, ASBCA No. 61379, 61585, 19-1 BCA ¶ 37,216 at 181,185 ("While *pro se* litigants, such as appellant, are often held to less stringent pleading standards than by those represented by counsel, they are not exempt from meeting jurisdictional prerequisites.") (citation omitted).

---

[5] DCMA's argument is comprised of a recitation of case law regarding punitive damages followed by a cursory statement that appellant's claim is "most certainly a request for the award of punitive damages" (gov't mot. at 21). Thus, the government leaves to the Board the task of interpreting the exact nature of the requested penalty and determining whether the penalty is "most certainly" a request for punitive damages.

As explained above, appellant often employs shifting and ambiguous language when discussing the requested penalty. For instance, in various places, appellant uses language suggesting that the penalty it seeks might represent interest for delayed payments (*see, e.g.*, R4, tab 38 at GS-1698-99; 62780 compl. at 48) or costs incurred as a result of an alleged breach of the implied duty of good faith and fair dealing (*see e.g.*, R4, tab 38 at GS-1698; 62780 compl. at 48-49). After a close review of appellant's August 2020 claim and its two complaints, however, we conclude that the requested penalty is neither.[6] Rather, we conclude that appellant is requesting a penalty under the penalty provisions of the Debt Collection Act, 31 U.S.C. § 3717(e).

More specifically, appellant points the Board to the government's February 2018 demand letter—which provides that "a penalty of 6 percent per annum will be assessed on the unpaid principal" under 31 U.S.C. § 3717(e) if appellant's debt is not paid in full within 90 days—and asks the Board to impose the same penalty against the government (*see* R4, tab 38 at GS-1699 (quoting R4, tab 13 at G-176); 62075 compl. at 50-51; 62780 compl. at 48). As an example, in the complaint filed in ASBCA No. 62075, appellant argues, as follows:

> Considering that it is the government terminations team that has repeatedly delayed the processes, taken no action when needed, taken unreasonable actions, made false allegations, engaged in repeated delaying tactics, and done anything and

---

[6] Briefly, we conclude that the penalty is not a request for interest because appellant expressly requests "interest on payments due" *in addition to* a "penalty, at a standard rate, payable by the Government to DSEC" (R4, tab 38 at GS-1671). (*See id.* at GS-1672 (requesting interest for the government's delayed payment of appellant's incurred costs *as well as* a "penalty . . . for [the] Government's unreasonable delays and inappropriate actions that have caused considerable harm to DSEC"); *see also id.* at GS-1674, 1704; 62075 compl. at 50; 62780 compl. at 9, 12)

Similarly, although there is isolated language that, at first glance, might suggest the penalty represents a request for breach damages, appellant explains that the government "is liable to pay DSEC *both* compensation for harm caused *as well as* a penalty for inappropriate behavior" (R4, tab 38 at GS-1698) (emphasis added). Appellant calculates the former at $2,949,426, the latter at $194,033 (*id.*). Importantly, appellant also expressly represents that the requested penalty does not include any incurred costs. (62780 compl. at 48 (clarifying that the "claim for the penalty to be paid by the government for unreasonable delays and inappropriate actions by the government is *not an 'expense' incurred* by DSEC, but is nevertheless payable by the government due to delayed payment" (emphasis added))).

6

> everything possible to avoid paying DSEC for costs incurred
> by DSEC in good faith, should the government be assessed
> with administrative changes and 6% [per annum] penalties?
> DSEC believes such determination by the ASBCA would be
> fair and reasonable.  If the ASBCA determines that the
> government should, indeed, pay the same penalty, then the
> penalty at 6% [per annum] over 42.75 months, from
> 23 Nov  2015 to 16 Jun 2019, for a principal of $442,783,
> would be $94,645.

(62075 compl. at 51) (emphasis omitted)  Appellant makes the same argument in its August 2020 claim and complaint filed in ASBCA No. 62780, increasing its calculation of the penalty to $194,033 (R4, tab 38 at GS-1699 (asserting that "the government be assessed . . . the same 6% [per annum] penalties" as those provided for in the government's demand letter); 62780 compl. at 48 (contending that "[t]his penalty is similar to, and calculated at the same rate as, that indicated by the [termination contracting officer], as being payable to DSEC, in the [] Demand letter of 12 Feb  2018")).  The Debt Collection Act, however, does not provide jurisdiction to the Board to award such penalties.

The Act requires agency heads to "assess on a claim owed by a person . . . a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due."  31 U.S.C. § 3717(e)(2).  For purposes of subsection 3717(e), a "claim" or "debt" constitutes "any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States by a person, organization, or entity other than another Federal agency."  31 U.S.C. § 3701(b)(1).  The term "person" expressly excludes an agency of the Federal government.  31 U.S.C. § 3701(c).  "The purpose of the act was to ensure that the government did not lose the benefit of the use of monies owed to it by contractors[.]" *Cap. Dev. Co. v. United States*, 49 Fed. Cl. 178, 186 (2001) (citing S. Rep. No. 97-378 at 3) *aff'd sub nom. Seaboard Lumber Co. v. United States*, 308 F.3d 1283 (Fed. Cir. 2002).

Appellant points to no provision in the Act authorizing the Board, apart from its Contract Disputes Act (CDA) jurisdiction, to decide disputes over the payment of penalties on federal agency debts, nor is any such provision apparent to the Board. The sole provision of the Act addressing penalties, subsection 3717(e), prescribes payment of penalties *to the government*.  This provision does not mention government payment of penalties, and does not confer jurisdiction on any contract appeals board to decide issues of payment of such penalties.  Thus, we conclude that we do not possess jurisdiction to entertain appellant's claim. *See Lockheed Martin Corp.*, ASBCA No. 53834, 03-2 BCA ¶ 32,304 at 159,834-35 (holding that the Debt Collection Act does

not confer jurisdiction on the Board to adjudicate disputes regarding interest payments under section 3717).

As a final matter, we also conclude that penalties assessed under subsection 3717(e) are intended to be punitive. *See Am. Airlines, Inc. v. United States*, 77 Fed. Cl. 672, 684 (2007) (finding that penalties assessed under 31 U.S.C. § 3717, unlike interest and administrative costs assessed under the same section, are "imposed as a punitive measure for late payment"). Thus, as the government argues in its motion (albeit in summary fashion), appellant seeks the award of punitive damages. *Damages*, Black's Law Dictionary (11th ed. 2019) (Punitive damages are those that are "assessed by way of penalizing the wrongdoer.").

Appellant, however, has identified no basis for such a demand. "Absent express consent of Congress, no punitive damages can be recovered against the United States." *John Shaw LLC d/b/a Shaw Bldg. Maint.*, ASBCA No. 61379, 61585, 19-1 BCA ¶ 37,216 at 181,185 (quoting *Janice Cox d/b/a Occupro Ltd.*, ASBCA No. 50587, 01-1 BCA ¶ 31,377 at 154,930-31); *see also Mastrolia v. United States*, 91 Fed. Cl. 369, 382 (2010) ("The United States has not waived sovereign immunity with regard to punitive damages."). The CDA, under which we derive our jurisdiction, does not contain such a waiver. *See John Shaw LLC d/b/a Shaw Bldg. Maint.*, 19-1 BCA ¶ 37,216 at 181,185 ("Congress has not expressly consented to the Board awarding punitive damages."). Accordingly, we dismiss appellant's request for a penalty because it constitutes a request for punitive damages, which the Board has no authority to award.

*Appellant's Requests for Compensation in ASBCA No. 62075*

The government also moves to dismiss several requests for compensation raised in ASBCA No. 62075 because the requests were not submitted to the contracting officer in a claim before being submitted to the Board in appellant's complaint. DSEC argues that these requests were subsequently submitted to the contracting officer in the August 2020 claim and are pending before the Board in ASBCA No. 62780—an argument with which the government generally concurs. (Gov't mot. at 18 n.2; *see also id.* at ex. G-1 (comparing the two complaints)) Given these positions, and for the sake of efficiency, we defer ruling on this aspect of the government's motion to dismiss until after the presentation of evidence on the merits.[7]

---

[7] The Board has compared appellant's complaint in ASBCA No. 62075 to its August 2020 claim and the resulting complaint in ASBCA No. 62780, and we conclude that the requests DCMA seeks to dismiss are, for the most part, included in the August 2020 claim and subsequent complaint. That said, without further clarification and briefing from the parties—in particular from appellant—

CONCLUSION

The government's motion to dismiss appellant's request for a penalty is granted. The Board strikes appellant's request for a penalty from ASBCA Nos. 62075 and 62780. We defer ruling on the remainder of the government's motion.

Dated:  October 14, 2021

ELIZABETH WITWER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62075, 62780, Appeals of D-STAR Engineering Corporation, rendered in conformance with the Board's Charter.

Dated:  October 14, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

we cannot say with certainty that the two appeals are entirely duplicative in this respect.

9